# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BERNARD SMITH** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO: 11-0519** |
| **N. BURL CAIN, WARDEN** | * | **SECTION: "J"(6)** |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to Title 28, United States Code, Sections 636(b)(1)(B) and (C), and, as applicable, Rule 8(b) of the Rules Governing Section 2254 cases. Upon review of the entire record, the court has determined that this matter can be disposed of without an evidentiary hearing. For the following reasons, it is hereby recommended that the instant petition be **DISMISSED WITH PREJUDICE** as time barred.

Petitioner, Bernard Smith, is a state prisoner incarcerated in the Louisiana State Penitentiary, Angola, Louisiana. Petitioner is serving a sixty-five year sentence,

having been convicted by a jury of manslaughter, in violation of La. R.S. 14:31 and having been adjudicated a second felony offender pursuant to La. R.S. 15:529.1. Petitioner claims that his continued incarceration is in violation of his United States Constitutional rights. The federal claims brought by petitioner are that: (1) the trial judge improperly communicated with the jury during its deliberations; (2) ineffective assistance of appellate counsel; and, (3) impermissible admission of hearsay evidence resulting in denial of his right to confrontation.[1]

It is well-established that a petitioner must exhaust his available state court remedies before proceeding to federal court seeking habeas corpus relief. Title 28, United States Code, Section 2254(b)(1)(A); **Rose v. Lundy**, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); **Preiser v. Rodriguez**, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); **Serio v. Members of the Louisiana Board of Pardons**, 821 F.2d 1112, 1117 (5th Cir. 1987). Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner. **Dupuy v. Butler**, 837 F.2d 699, 702 (5th Cir. 1988). Review of the record shows that petitioner exhausted his claims in the highest state court and the State does not assert otherwise.

---

[1] Federal Rec. Doc. No. 1, Petition, pages 7-10.

The State filed its response to the habeas corpus petition on June 6, 2011, however, urging this Court to dismiss the petition because it was not timely filed.² The State did not address the merits of petitioner's claims.

## Procedural History³

The defendant, Bernard Smith, was indicted on August 26, 1999, for the second-degree murder of Jonathan Hayes. At his arraignment on September 1, 1999, the defendant entered a plea of not guilty. On November 24, 1999, the trial court denied the defendant's motion to suppress the identification. Following a trial held on December 15 and 16, 1999, the jury convicted the defendant of manslaughter. On December 30, 1999, the court denied the defendant's motion for a new trial, and sentenced him to thirty years in the Department of Corrections. At the close of the multiple bill hearing on February 11, 2000, the court adjudged the defendant to be a second felony offender. That same day, the defendant waived the delays, and the court vacated his previous sentence and re-sentenced him to sixty-five years at hard labor, without benefits, with credit for time served, plus five years consecutive,

---

²Federal Rec. Doc. No. 7.

³The Procedural History was taken from the Statement of the Case section of the unpublished opinion issued in **State of Louisiana v. Bernard E. Smith,** No. 2002-KA-1492 (La. App. 4th Cir. April 30, 2003) and from the State Record. A copy of the unpublished opinion is contained in the State Record, Vol. 5.

pursuant to La. C.Cr.P. art. 893.3. On February 28, 2000, the court denied the defendant's motion to reconsider sentence and the defendant noticed his intent to appeal. On April 5, 2002, the trial court granted the defendant an out-of-time appeal.[4]

On April 30, 2003, the Louisiana Court of Appeal, Fourth Circuit affirmed petitioner's conviction and remanded the matter for re-sentencing so that the five years imposed pursuant to La. C.Cr.P. art. 893.3 be reflected as a sentence enhancement rather than as a separate or second sentence.[5] Petitioner filed for a writ of certiorari on June 3, 2003, in the Louisiana Supreme Court, which denied the writ on December 19, 2003.[6]

Petitioner claims that he filed an application for post-conviction relief (PCR) in Orleans Parish Criminal District Court on September 27, 2004, under Writ No. 409-330. The district court record was reviewed but a copy of the PCR was not

---

[4]See, State Record, Vol. 1, Minute Entry April 17, 2002. Also see State Record, Vol. 4, **State v. Smith,** No. 2002-K-0555 (La. 4 Cir. April 24, 2002). The Fourth Circuit denied the supervisory writ and stated: "On April 5, 2002, the district court granted an out-of-time appeal, appointed the Louisiana Appellate Project to represent the Relator, and set a return date of June 17, 2002."

[5]See State Record, Vol. 5, **State of Louisiana v. Bernard E. Smith,** No. 2002-KA-1492, page 11, unpublished opinion. The trial court subsequently resentenced petitioner on July 2, 2003. See State Record, Vol. 1, Minute Entry dated July 2, 2003. No appeal was taken of the re-sentencing.

[6]**State of Louisiana v. Bernard E. Smith**, No. 2003-KO-1716. See State Record, Vol. 5, for a copy of the ruling.

located. This court reviewed a copy of petitioner's "Inmate Request for Indigent Mail" form which was dated September 27, 2004, wherein petitioner requested that the prison custodian mail a legal pleading directed to Ms. Kimberly Williamson, Clerk of Court, Criminal District Court, Parish of Orleans, 2700 Tulane Avenue, New Orleans, LA 70119 and to Mr. Eddie Jordan, District Attorney, 619 South White Street, New Orleans, LA 70119.[7]

Petitioner claims that he wrote the Clerk of Court relative to the status of his PCR[8] and that he did not receive a response. Petitioner also claims that on April 18, 2006, he sent an additional copy of his PCR to the district court.[9] On October 23, 2007, petitioner filed an application for writ of mandamus in the Louisiana Court of Appeal, Fourth Circuit, No. 2007-K-1405, which included a copy of the PCR application which he claimed he previously submitted to the district court.[10] Petitioner

---

[7] See State Record, Vol. 6, for a copy of the form.

[8] See State Record, Vol. 2, for a copy of a letter directed to the Clerk of Court regarding the status of petitioner's PCR application. The letter was not dated. However, the Clerk's received stamp shows a date of June 22, however, the year cannot be determined from the stamp.

[9] According to this court's calculations, at least 18 months and 20 days or 567 days lapsed between September 27, 2004, purported filing of the PCR and the purported April 18, 2006, filing of an additional copy of the PCR.

[10] Approximately 18 months and 4 days or 552 days lapsed between the purported April 18, 2006, second filing of the PCR in the state district court and the October 23, 2007, filing for writ of mandamus, with the attached copy of the PCR application, in the Louisiana Fourth

5

asked for an order compelling the judge on the Criminal District Court, Parish of Orleans to render a final judgment on petitioner's application for PCR. The Louisiana Court of Appeal, Fourth Circuit, denied the writ on November 29, 2007. The Court opined:

> "The claims raised in relator's application for post-conviction relief have been reviewed. Relator has failed to demonstrate that he is entitled to relief. The writ of mandamus is denied."[11]

The state record reveals that petitioner attached a copy of an application for PCR as an exhibit when he applied for supervisory writs in the Louisiana Supreme Court, No. 08-KH-0157, dated December 18, 2007, and stamped as filed, January 22, 2008. (See State record, Vol. 6, for a copy of the application for supervisory writs, page 3, and for a copy of the PCR.) The Louisiana Supreme Court denied relief on October 8, 2010.[12]

---

Circuit.

[11]See State Record, Vol. 6, for a copy of the ruling. **State of Louisiana v. Bernard Smith**, No. 2007-K-1405 (La. App. 4 Cir. 11/29/07).

[12]See State Record, Vol. 6, for a copy of the ruling. **State Ex rel. Bernard Smith v. State of Louisiana,** No. 2008-KH-0157 (La. Oct. 8, 2010).

Petitioner presented the following information in the "Statement of the Case" section of his application for supervisory writs which he filed in the Louisiana Supreme Court, in pertinent part:

. . .

> Thereafter on 27 September 2004, petitioner filed his Pro Se Application for Post-Conviction Relief into the District Court (Exhibit "A"). Petitioner's pleadings were filed, via Louisiana State Prison Classification Department (Exhibit "D").
>
> After more than 18 months with no respond (sic) or disposition for (sic) the District Court concerning petitioner's PCR application, petitioner submitted Pro-Se an additional copy of his application for post-conviction relief into the District Court. Petitioner's pleadings were filed, via certified, U.S. Mail, No. 7005-3100-0004-2032-7450. The application was received by the District Court, as evidenced by the U.S. Postal Service's Domestic return receipt (Exhibit "D"). Petitioner's pleadings were filed, according to the mail box rule in which the Hon. Court has recognized.

(See State Record, Vol. 6, page 3, Application for Supervisory Writs, **State Ex rel. Bernard Smith v. State of Louisiana,** 2008-KH-0157.)

This court's review of the record shows that petitioner signed the request to the Louisiana Supreme Court for supervisory writs on December 18, 2007.[13]

---

[13] See State Record, Vol. 6, page 5, application for supervisory writs.

7

However, petitioner's attached affidavit is dated and signed on December 18, 2004,[14] three years prior to the signing of the writ application. Further study of the U.S. Postal Service Certified Mail Receipt No. 7005-3110-0004-2032-7450, dated April 18, 2006 and May 5, 2006, shows that the purported PCR envelope was addressed to Criminal District Court, Clerk of Court Section C, 317 Magazine Street, Federal Court Building, New Orleans, LA 70130.[15] The above address is an incorrect address for the Criminal District Court for Orleans Parish. As noted on page 5 of this Report, the "Inmate Request for Indigent Mail" form (related to a September 27, 2004, request) contained the correct address for the Clerk of the subject court (2700 Tulane Avenue, New Orleans, LA 70119).

Petitioner signed and thus filed his federal application for habeas corpus relief on February 25, 2011.[16]

---

[14]**Ibid**, page 7, PCR application.

[15]See State Record, Vol. 6, for a copy of the U.S. Postal Service Certified Mail Receipt. A member of this Magistrate's staff was advised by a deputy clerk of the U.S.D.C.- E.D.LA, that the review of its records does not show that the clerk received a filing from petitioner in April or May 2006.

[16]Under the prison mailbox rule applied by the U.S. Fifth Circuit of Appeals, Smith's *pro se* petition would be deemed filed as of the date he placed it in the prison mail system. **Hernandez v. Thaler,** 630 F.3d 420 (5th Cir. 2011), citing **Stoot v. Cain,** 570 F.3d 669, 671 (5th Cir. 2009)(per curiam). Generally, the date a prisoner signs his petition is presumed to be the date he delivered it to prison officials for mailing. *See* **Colarte v. LeBlanc**, 40 F.Supp.2d 816, 817 (E.D. La. 1999) (assumed that petitioner turned his habeas corpus application over to prison

**Timeliness**

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner has one year within which to bring his habeas corpus claims pursuant to Title 28, United State Code, Section 2254, with this one year period commending to run from "the latest of" either the date the petitioner's state judgment became final or the expiration of his time for seeking review.[17] *See* Title 28, United States Code, Section 2244(d)(1)(A)(West 2011), as amended by the AEDPA, P.L. 104-132, 110 Stat. 1220.

The first question to be resolved, therefore, is when did petitioner's judgment become final? As previously mentioned, petitioner's convictions were affirmed by the Louisiana Court of Appeal, Fourth Circuit on April 30, 2003. He did seek review of this decision with the Louisiana Supreme Court on June 3, 2003, but this filing was made after the 30 day state law deadline for such review.

---

officials for delivery to this Court on the date he signed his application); **Magee v. Cain**, 2000 WL 1023423, *4 n.2 (E.D. La. 2000) (inferred that filing date and signature date of habeas petition were the same); **Punch v. State**, 1999 WL 56279, *2 n.3 (E.D. La. 1999) (may reasonably be inferred that prisoner delivered habeas petition to prison officials for mailing on date he signed petition).

[17]The AEDPA applies to this case as it was filed after the enactment of the AEDPA, or after April 24, 1996. **Lindh v. Murphy**, 521 U.S. 320, 117 S.Ct. 2059, 2060, 138 L.Ed.2d 481 (1997).

When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court. **Roberts v. Cockrell**, 319 F.3d 690, 693 (5th Cir. 2003). However, "[i]f the defendant stops the appeal process before that point," as Smith did here, "the conviction becomes final when the time for seeking further direct review in the state court expires." **Butler v. Cain,** 533 F.3d 314 (5th Cir. 2008), citing **Roberts**, 319 F.3d at 694; see also **Foreman v. Dretke**, 383 F.3d 336, 338 (5th Cir.2004) (Section 2244(d)(1)(A) gives alternative routes for finalizing a conviction: either direct review is completed or the time to pursue direct review expires).

Although federal, not state, law determines when a judgment is final for federal habeas purposes, a necessary part of the finality inquiry is determining whether the petitioner is still able to seek further direct review. See **Foreman**, 383 F.3d at 338-39. Thus, this court must look to state law to determine how long Smith had to take a direct appeal. See **Causey v. Cain**, 450 F.3d 601, 606 (5th Cir. 2006); **Roberts**, 319 F.3d at 693.

Louisiana Supreme Court Rule X, § 5(a) states that an application "to review a judgment of the court of appeal either after an appeal to that court ... or after a denial of an application, shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal." Smith's time for seeking further review of his state conviction expired when he did not, within thirty days of the Louisiana Court of Appeal, Fourth Circuit's April 30, 2003 decision, challenge that decision in the Louisiana Supreme Court. Thus Smith's conviction was final as of May 30, 2003 and his one year limitations period began running on that date and expired on May 30, 2004. Petitioner did not file the subject action until February 25, 2011, almost 7 years after the federal limitations period expired.

Petitioner filed a traverse to the State's response on November 15, 2011 in which he concedes that his application for writs filed with the Louisiana Supreme Court seeking review of his direct appeal was untimely filed on June 3, 2003. See, Rec. Doc. 8 at p. 2. Petitioner contends, however, that he was not directly notified of the decision rendered by the Louisiana Court of Appeal, Fourth Circuit on April 30, 2003, but instead his lawyer was notified. Petitioner received notice from his lawyer on May 7, 2003,[18] 7 days after the appellate decision had been rendered. Petitioner

---

[18] See Rec. Doc. 8, Exhibit "A".

claims, therefore, that since he filed his writ with the Louisiana Supreme Court within thirty days of <u>receiving notice</u> from his lawyer, his writ application filed with the Louisiana Supreme Court should be considered timely filed.

Receiving notice from one's attorney, however, is not the trigger for the 30 days to begin running pursuant to La. Sup. Ct. R. X, §5(a). That rule instead requires that an application be filed within thirty days of the mailing of the notice of the original judgment of the court of appeal and further specifies that "(n)o extension of time therefor will be granted." **Butler**, 533 F.3d at 319. Under La. Sup. Ct. R. X, §5(a), the mailing of the appellate court's opinion, not the receipt of it, sets the time for seeking further review. **Bryant v. State of Louisiana**, No. 06-0088, 2007 WL 2323383 at *5-7 (E.D. La. Aug. 9, 2007)(Duval, J.)(time period under La. Sup. Ct. R. X, §5(a) begins from issuance of notice of the appellate court's judgment not upon receipt of the notice). Additionally, the fact that Smith did not receive a copy of the appellate decision until 7 days after its issuance does not restart the finality of his conviction or the period for seeking review in the higher court. See **Jasmine v. Hubert**, No. 06-512, 2008 WL 199867 at *4 (E.D. La. Jan. 22, 2008)(Berrigan, J.) citing **Williams v. Cain**, 217 F.3d 303, 308 (5th Cir. 2000).

In this case, it was appropriate for the appellate court to notify petitioner's attorney that a decision had been rendered since petitioner was represented by counsel for his appellate proceedings. Moreover, a seven day turnaround time for notice to be given from the court to counsel and then for counsel to notify petitioner does not appear to be an unreasonable or substantial delay. "Substantial delays generally outlast whatever limitations period is at issue." **Bryant**, at *5-7. Petitioner still had 21 days to file a pleading with the Louisiana Supreme Court before the deadline expired, but failed to do so.

Moreover, even if the attorney unduly delayed in her notification to petitioner, the actions of the attorney are attributable to petitioner because the attorney was acting as petitioner's agent. See **Rouse v. Lee**, 339 F.3d 238, 249 (4th Cir. 2003), citing **Coleman v. Thompson**, 501 U.S. 722, 753-754, 111 S.Ct. 2546 (1991) (explaining that attorney error, short of ineffective assistance of counsel, is, under standard principals of agency, attributable to the client). Additionally, petitioner's argument that he should have been given an additional seven days to comply with La. Sup. Ct. R. X, §5(a) is not within the scope of this court's review. A federal habeas court cannot evaluate whether the state court erred in the application of its own laws. **Estelle v. McGuire**, 502 U.S. 62, 67-68, 112 S.Ct. 475 (1991). If the Louisiana

Supreme Court had accepted petitioner's late filing, the court would have violated its own rule if it had considered Smith's petition on the merits. This fact alone persuades the court that the filing should be considered untimely. See **Butler**, 533 F.3d at 319.

The critical issue before this court is determining whether petitioner was impeded from filing a *federal* petition within the one year time-frame set forth in Section 2244(d)(1), not whether he was impeded from filing his *state petition* to the highest court in a timely fashion. Petitioner offers no evidence to support such a claim. Thus, the court finds that petitioner's conviction became final on May 30, 2003, when the time for seeking review of his direct appeal by the Louisiana Supreme Court expired and his federal limitations period expired on May 30, 2004. Since petitioner did not file his federal petition until February 25, 2011, his challenge to his conviction must be dismissed unless the one-year statute of limitation period was interrupted as set forth in Title 28, United States Code, Section 2244(d)(2). Under that statutory provision, '[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

As mentioned in the procedural history, petitioner claims he filed his first state PCR application on September 27, 2004. The State argues that this PCR cannot

be used to toll the limitation period because there is no evidence it was filed into the district court record at that time. Petitioner attached a copy of the purported application for PCR to his application for a writ of mandamus, which he filed with the Louisiana Court of Appeal, Fourth Circuit on October 23, 2007.

Even if this court assumed, *arguendo*, that petitioner filed the PCR on September 27, 2004, this PCR filing would have been too late to toll the one year limitations period. Section 2244(d)(2) provides for tolling during the time that a state habeas application is *pending*. In **Magee v. Cain**, 253 F.3d 702 (2001), the U.S. Fifth Circuit noted that when a petitioner did not file his state application for relief until after the one year grace period had expired, no tolling applied. "Simply put, once the federal limitations period expired, 'there was nothing to toll.'" **Gaddis v. Cain**, 2011 WL 6029971 (E.D. La. Nov. 4, 2011), *Report and Recommendation adopted,* 2011 WL 6029940 (E.D. La Dec. 5, 2011)(Barbier, J.), citing **Butler v. Cain**, 533 F.3d at 318.

The United States Supreme Court has held that the AEDPA's statute of limitations is also subject to equitable tolling. **Holland v. Florida**, – U.S. –, 130 S.Ct. 2549, 2560 (2010). However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some

extraordinary circumstance stood in his way and prevented timely filing." **Id.** at 2562 (internal quotation marks omitted); see also **Davis v. Johnson**, 158 F.3d 806, 811 (5th Cir.1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). A petitioner bears the burden of proof to establish entitlement to equitable tolling. **Alexander v. Cockrell**, 294 F.3d 626, 629 (5th Cir.2002). In the instant case, petitioner's only claim for equitable tolling is that there was a seven day delay in notification after the state appellate court had confirmed his conviction. Petitioner had one year within which to bring his federal habeas action thus a 7 day delay in notification cannot be said to be an extraordinary circumstance sufficient to have interfered with the filing of his federal petition. Therefore, equitable tolling of the statute of limitations is not justified in this case.

Since petitioner is entitled to neither statutory tolling nor equitable tolling, his federal application for habeas corpus relief with respect to his conviction had to be filed on or before May 30th, 2004. Because his federal application was not filed until February 25, 2011, it is untimely.

# RECOMMENDATION

For the foregoing reasons, **IT IS RECOMMENDED** that the petition for federal habeas corpus relief filed by Bernard Smith be **DISMISSED WITH PREJUDICE AS TIME BARRED.**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Title 28, United States Code, Section 636(b)(1); **Douglass v. United Services Auto. Ass'n**, 79 F. 3d 1415, 1430 (5th Cir. 1996)(*en banc*).[19]

New Orleans, Louisiana, this 23rd day of February, 2012.

LOUIS MOORE, JR.
United States Magistrate Judge

---

[19]**Douglass** referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, Title 28, United States Code, Section 636(b)(1) was amended to extend that period to fourteen days.