UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BERNARD SMITH** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO: 11-0519** |
| **N. BURL CAIN, WARDEN** | * | **SECT. "J"(6)** |

**O R D E R**

Before the Court are the Report and Recommendation of the United States Magistrate Judge (Rec. Doc. 9) and Petitioner's objection to same (Rec. Doc. 10). The Magistrate Judge found that Petitioner's conviction became final on May 30, 2003, because Petitioner did not seek review on direct appeal by the Louisiana Supreme Court until June 3, 2003, which is more than 30 days after the April 30, 2003 decision of the Louisiana Fourth Circuit Court of Appeal affirming Petitioner's conviction.[1] However, Petitioner, in his objection, avers that under the "mailbox rule," his writ application is deemed filed on May 29, 2003, which is within the 30-day period for seeking a writ of certiorari under state law.[2]

In support of his argument that his petition was timely filed, Petitioner submitted with his objection a request for legal/indigent mail. See Rec. Doc. 10-1, at 26. The mail request indicates that it concerns a "WRIT OF CERTIORARI" to be mailed to the Louisiana Supreme Court and bears a date of May 29, 2003. Id. On April 5, 2012, the Court ordered filed into the record an

---

[1] The basis for the Magistrate Judge's finding that Petitioner did not file for a writ until June 3, 2003 appears to be a letter from the Louisiana Supreme Court advising that Petitioner's "filing was metered on 6/3/2003." Rec. Doc. 1-1, at 27.

[2] Regarding the mailbox rule, see the authorities cited by the Magistrate Judge in his Report and Recommendation at Record Document No. 9, at 8-9, note 16.

1

Affidavit of Earnest Williams, Correction ARDC Manager, Louisiana State Prison. Rec. Doc. 11. Williams's affidavit identifies his position as a classification officer at the prison and states that at the request of Court staff, he researched Petitioner's prison record to attempt to locate an Offender's Request for Legal/Indigent Mail form dated May 29, 2003. Rec. Doc. 11-1. Williams states that there is no such document in Petitioner's record. Id. The Court ordered Petitioner to provide the Court with any and all evidence to show that the "Offender's Request for Legal/Indigent Mail" dated May 29, 2003 is, in fact, a true and authentic document. Rec. Doc. 11.

Petitioner filed his response with this Court on May 2, 2012. Rec. Doc. 12. Petitioner asserts that the mail receipt is authentic and valid. He avers that he spoke with Classification Officer Raphael Augustine on April 13, 2012, who located an additional file regarding Petitioner and found Petitioner's mail receipt dated May 29, 2003. Petitioner asserts that Augustine located the mail receipt but refused to assist Petitioner further. Petitioner states that he notified and informed Assistant Warden Kathy Fontenot of this incident. He avers that there are numerous camps at the prison and classification officers at each camp. He states that these officers have their own files on the inmates at these camps and that the files are not maintained properly. In his response, he includes a separate page captioned as an affidavit in which he states under penalty of perjury that his statements are true and correct to the best of his knowledge and belief, and declares that the signature affixed to his mail receipt can be cross-referenced with many others signed by the signatory classification officer to verify the signature. Rec. Doc. 12, at 3.

The Court finds that Petitioner has not proven the authenticity of the mail receipt, in light of the sworn statement of Williams, a classification officer at the prison, who states that there is no mail receipt dated May 29, 2003 in Petitioner's file. The Magistrate Judge correctly concluded that

Petitioner's conviction became final on May 30, 2003, and therefore that the one-year statutory limitation period for filing a federal petition expired on May 30, 2004. Petitioner did not file his federal petition until February 25, 2011. Even assuming he filed a state post-conviction application on September 27, 2004, such would have been filed after the one-year limitation period expired. The Magistrate Judge properly concluded that Petitioner's claims are time-barred.

The Court, having considered the petition, the record, the applicable law, the Report and Recommendation of the United States Magistrate Judge, and Petitioner's objection, hereby overrules the objection and adopts the Report and Recommendation of the United States Magistrate Judge. Accordingly,

**IT IS ORDERED** that the petition for federal habeas corpus relief filed by Petitioner Bernard Smith is hereby **DISMISSED WITH PREJUDICE** as time-barred.

New Orleans, Louisiana, this 14th day of May, 2012.

_____
UNITED STATES DISTRICT JUDGE