UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

BERNARD SMITH                                CIVIL ACTION

VERSUS                                       NO:11-519

N. BURL CAIN, WARDEN                         SECTION: J

**ORDER**

Before the Court is Petitioner Bernard Smith's **Motion for Leave to Appeal In Forma Pauperis (Rec. Doc. 17)**,

**BACKGROUND FACTS**

Bernard Smith is a state prisoner incarcerated in the Louisiana State Penitentiary in Angola, Louisiana. Petitioner is serving a sixty-five year sentence after being convicted by a jury of manslaughter, and after being adjudicated a second felony offender pursuant to La. R.C. 15:529.1. After exhausting his state court remedies, Petitioner filed a petition for writ of habeas corpus in this Court on March 2, 2011, in which he claims that his incarceration is in violation of his rights under the United States Constitution. Specifically, Petitioner claims (1)

the trial judge improperly communicated with the jury during in its deliberations; (2) ineffective assistance of appellate counsel; and (3) impermissible admission of hearsay evidence which resulted in denial of his Sixth Amendment right to confront his accuser. On February 23, 2012, the United States Magistrate Judge issued his Report and Recommendation (Rec. Doc. 9), finding that Petitioner's habeas petition be dismissed with prejudice as it was time barred. This Court approved the Magistrate's Report and Recommendation and adopted it as its own opinion on May 14, 2012 (Rec. Doc. 13). Subsequently, the Court denied Petitioner's request for a certificate of appealability (Rec. Doc. 15). On June 22, 2012, Petitioner filed the instant Motion for Leave to Appeal in Forma Pauperis.

**LEGAL STANDARD AND DISCUSSION**

A plaintiff may appeal in forma pauperis if he "submits an affidavit that includes a statement of all assets [he] possesses [and] that he is unable to pay such fees or give security therefor." 28 U.S.C. § 1915 (a)(1). In addition, the "affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." Id. A district court should inquire whether the costs of maintaining an appeal would cause undue financial hardship for the litigant. Prows v. Kastner, 842 F.2d 138, 140 (5th Cir. 1988).

A court may dismiss the case at any time if it determines that the allegation of poverty is untrue, that the appeal is frivolous or malicious, that the appeal fails to state a claim on which relief may be granted, or that the appeal seeks monetary relief against a defendant who is immune from such relief. 28 U.S. C. § 1915(e). Furthermore, the Court must deny a request to appeal in forma pauperis if it finds that the appeal is not taken in good faith. Id. § 1915(a)(3). Good faith requires that the party must be seeking appellate review of a nonfrivolous issue. Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983). An issue is nonfrivolous if it "involves legal points arguable on their merits." United States v. Misher, 401 F. App'x 981, 981 (5th Cir. 2010)(quoting Howard, 707 F.2d at 220). Conversely, a complaint is frivolous if "it lacks an arguable basis either in law or in fact." Kingery v. Hale, 73 F. App'x 755, 755 (5th Cir. 2003) (citing Denton v. Hernandez, 504 U.S. 25, 31-33 (1992)).

In the instant case, Petitioner's motion shows that the average monthly balance in his account for the previous six months was $133.07. (Rec. Doc. 17, p. 2) Additionally, Petitioner notes that the average monthly deposit into his account is $28.05. Id. This information suggests that Petitioner is unable to pay the costs of appeal.

However, the Court finds that Petitioner's notice of appeal

does not have arguable basis in either law or fact and, therefore, is frivolous. Petitioner's notice of appeal fails to specify any violation of his constitutional rights beyond that which was asserted in his initial habeas petition and his previous motions before this Court. Because Petitioner has failed to identify a nonfrivolous ground for appeal, the Court finds no reason to depart from its earlier judgments denying Petitioner's requested relief.

## CONCLUSION

Accordingly, the Court **DENIES** Petitioner's Motion for Leave to Appeal in Forma Pauperis.

New Orleans, Louisiana this 27th day of June, 2012.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE